**NEW ENGLAND MERCHANTS NATIONAL BANK, Plaintiff,**

v.

**IRAN POWER GENERATION AND TRANSMISSION COMPANY et al., Defendants.**

**No. 79 Civ. 6380 (KTD).\***

United States District Court, S. D. New York.

Nov. 5, 1980.

---

\* And the following cases: 79 Civ. 6035 GLG, 79 Civ. 6115 WCC, 79 Civ. 6116 RJW, 79 Civ. 6117 TPG, 79 Civ. 6188 VLB, 79 Civ. 6195 LPG, 79 Civ. 6196 LPG, 79 Civ. 6276 PNL, 79 Civ. 6279

See also, D.C., 495 F.Supp. 73, D.C., 502 F.Supp. 120, D.C., 508 F.Supp. 49.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

The executive department of the government has requested leave to intervene in these cases to seek certification to the Court of Appeals of the question of my denial of the government's request for an indefinite stay, and assuming that I would certify such a question, the government also seeks a stay pending the resolution of that question by the Court of Appeals. The issues raised by the government in no way relate to the requests by various parties to these actions for certification of questions that they believe are raised by my prior decision of September 26, 1980. The requests by the parties for certification of questions relating to substituted service and to the validity of the attachments will be dealt with in an opinion which I will file shortly. This memorandum deals solely with the government's motions, which by their nature must be construed as opposing the motions made by parties hereto.

██ The government's motions must be denied as meritless. The only basis for intervention is a showing of some need by the executive department to intervene.

LPG, 79 Civ. 6312 HFW, 79 Civ. 6316 ADS, 79 Civ. 6331 TPG, 79 Civ. 6344 HFW, 79 Civ. 6362 HFW, 79 Civ. 6364 PNL, 79 Civ. 6369 LFM, 79 Civ. 6371 GLG, 79 Civ. 6376 HFW, 79 Civ. 6412 WCC, 79 Civ. 6413 CES, 79 Civ. 6414 CSH, 79 Civ. 6415 RWS, 79 Civ. 6416 CSH, 79 Civ. 6420 WCC, 79 Civ. 6429 CLB, 79 Civ. 6430 RO, 79 Civ. 6434 RJW, 79 Civ. 6440 LBS, 79 Civ. 6461 KTD, 79 Civ. 6467 HFW, 79 Civ. 6468 CBM, 79 Civ. 6470 LWP, 79 Civ. 6475 WK, 79 Civ. 6480 RJW, 79 Civ. 6483 HFW, 79 Civ. 6484 RWS, 79 Civ. 6485 RWS, 79 Civ. 6486 LWP, 79 Civ. 6488 GLG, 79 Civ. 6489 MEL, 79 Civ. 6493 EW, 79 Civ. 6497 RLC, 79 Civ. 6508 LPG, 79 Civ. 6512 LFM, 79 Civ. 6525 LPG, 79 Civ. 6587 TPG, 79 Civ. 6588 VLB, 79 Civ. 6606 WK, 79 Civ. 6620 CBM, 79 Civ. 6644 TPG, 79 Civ. 6693 GLG, 79 Civ. 6696 GLG, 79 Civ. 6709 JMC, 79 Civ. 6714 KTD, 79 Civ. 6748 LWP, 79 Civ. 6749 LWP, 79 Civ. 6810 MEL, 79 Civ. 6831 VLB, 79 Civ. 6835 WCC, 79 Civ. 6840 EW, 79 Civ. 6852 KTD, 79 Civ. 6860 CSH, 79 Civ. 6867 RWS, 79 Civ. 7035 CBM, 80 Civ. 0031 LWP, 80 Civ. 0033 WCC, 80 Civ. 0078 EW, 80 Civ. 0098 GLG, 80 Civ. 0233 LFM, 80 Civ. 0241 RWS, 80 Civ. 0406 RWS, 80 Civ. 0512 ADS, 80 Civ. 0560 WCC, 80 Civ. 0570 CES, 80 Civ. 0615 ADS, 80 Civ. 0791 PNL, 80 Civ. 0838 LWP, 80 Civ. 0933 EW, 80 Civ. 0989 HFW, 80 Civ. 1097 CLB, 80 Civ. 1099 LPG, 80 Civ. 1432 LBS, 80 Civ. 1520 CES, 80 Civ. 1679 VLB, 80 Civ. 1680 VLB, 80 Civ. 1681 VLB, 80 Civ. 1744 HFW, 80 Civ. 1897 RWS, 80 Civ. 1920 ADS, 80 Civ. 1953 LBS, 80 Civ. 1980 EW, 80 Civ. 2360 LWP, 80 Civ. 2570 WCC, 80 Civ. 3933 CBM and 80 Civ. 4932 EW.

There is no such need.[1] The situation whereby the President invoked his extraordinary powers under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, in effect, suspended all litigation involving the frozen Iranian assets. These lawsuits are permitted by a general license issued by the executive, 31 C.F.R. Part 535. That license can be suspended by the executive acting alone. Such a suspension would effectively stay all of this litigation. Thus, the executive has within its sole power the means to obtain all of the relief it now seeks. To request this Court to stay proceedings for which the executive branch has issued a special license, revocable at will, is explicable only in terms that could not properly be expressed in a judicial forum.

To certify the questions suggested by the Department of Justice would also subvert the process of certification as envisioned by the statutes under which this motion is brought. Certification is appropriate only where it would "materially advance the ultimate termination of the litigation ...." 28 U.S.C. § 1292(b). Here the government does not seek to advance the ultimate termination of the litigation. Instead, the Department of Justice wishes solely to *delay* it. There is nothing presented that would be proper to certify under governing law.

1. *I see no need to accept the proffered in camera* submission by the Secretary of State. The previous such submissions did not contain anything which has not been printed in most newspapers and news magazines of general circulation.

* And the following cases: 79 Civ. 6035 GLG, 79 Civ. 6115 WCC, 79 Civ. 6116 RJW, 79 Civ. 6117 TPG, 79 Civ. 6188 VLB, 79 Civ. 6195 LPG, 79 Civ. 6196 LPG, 79 Civ. 6276 PNL, 79 Civ. 6279 LPG, 79 Civ. 6312 HFW, 79 Civ. 6316 ADS, 79 Civ. 6331 TPG, 79 Civ. 6344 HFW, 79 Civ. 6362 HFW, 79 Civ. 6364 PNL, 79 Civ. 6369 LFM, 79 Civ. 6371 GLG, 79 Civ. 6376 HFW, 79 Civ. 6412 WCC, 79 Civ. 6413 CES, 79 Civ. 6414 CSH, 79 Civ. 6415 RWS, 79 Civ. 6416 CSH, 79 Civ. 6420 WCC, 79 Civ. 6429 CLB, 79 Civ. 6430 RO, 79 Civ. 6434 RJW, 79 Civ. 6440 LBS, 79 Civ. 6461 KTD, 79 Civ. 6467 HFW, 79 Civ. 6468 CBM, 79 Civ. 6470 LWP, 79 Civ. 6475 WK, 79 Civ. 6480 RJW, 79 Civ. 6483 HFW, 79 Civ. 6484 RWS, 79 Civ. 6485 RWS, 79 Civ. 6486 LWP, 79 Civ. 6488 GLG, 79 Civ. 6489 MEL, 79 Civ. 6493 EW, 79

The motions are denied.

SO ORDERED.